UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT  **ORIGINAL**

31 pg

SAMUEL A. Parker Bey #194889

PLaintiFF

04-72160

Case No

Honorable JUDGE ROBERT H. CLELAND

-v-

MAGISTRATE JUDGE SCHEER

MERCY HOSPITAL & STAFF, PORT
HURON HOSPITAL & STAFF ALONG
WITH DR. GRAIN, DR. MULLALLY
PRESIDENT JOHN DOE, & INSURANCE
COMPANY WITHIN SPORTS RACK INC.
Sued in Their Individual Capacities,
& OFFICIAL CAPACITIES
DeFendanTS

JURY TRIAL DEMANDED

**FILED**

JUN 1 4 2004

CLERK'S OFFICE-DETROIT-PSG
U.S. DISTRICT COURT

ComPLAINT

Preliminary STATEMENT

This is a Civil Action ComPLaint For medical malpractice,
Negligence & Breach of Fiduciary Duties, Intention &/or Reckless In-
Fliction & Emotional Distress Filed by PLaintiFF SAmuel A. Parker Bey
#194889 An InmaTe within one OF mI. Dept OF Corr's Fac, seeks To FiLe
a medical malpractice Against The Above Names OF The menTioned
Doctor's For Damages & injunctive ReLieF Under 42 U.S.C. § 1983 ALLeg-
ing medical care in violation OF The EighTh Amendment to The UniTed
STATES ConstiTuTion & violation OF MRS BETTY J. Parker Due Process
Clause OF The FourTeenTh Amendments to The ConstiTuTion, PLaintiFF aLso
is FiLing & or to seeks to File a negligence & Breach OF Fiduciary

Duties, Intention + /or Reckless Infliction of Emotional Distress
against The said President of Sports Rack Company The main office
is Located on 16th St But mrs Betty Parker worked on The Building
on Dove Rd, Breach of Fiduciary Duties + said mentioned above
For Damages + Injunctive Relief of The Company + The Insurance
Company Under 42 U.S.C. § 1983, Alleging negligence + Breach
of Fiduciary Duties in violation of The Eighth Amendment to The
United States Constitution + violation of Mrs Betty Parker Due Process
Clause of The Fourteenth Amendment to the Constitution The Plain-
tiff also Alleges The Torts of medical malpractice + negligence
or Reckless Infliction Also The Plaintiff Also Alleges The Torts of
Negligence + Breach of Fiduciary Duties, Intention + Emotional
Distress,

JURISDICTION
   1) The Court Has Jurisdiction over The Plaintiff Claims of
violation of Federal Constitutional Rights under 42 U.S.C. §§ 1331 (a)
+ 1343 (a) § 1343.
       2) The Court Has supplement Jurisdiction over The Plaintiff
State Law Tort Claims under 28 U.S.C. § 1367.

Party
   3) Plaintiff Samuel A. Parker Bey #194889 is Currently incar-
Cerated at (MRF) But during The time of His mother wrongful
Death Plaintiff was said Incarcerated at (URF) on 12-24-01
During The mentioned Events described in This given Complaint.

Defendant's
   4) Defendant Peter Grain MD is a doctor ~~Empl~~ Employed

at 2603 Electric Ave, SUITE 4, Port Huron MI, 48060 He is being Sued in His Individual & OFFIcial Capacities.

5). DeFendant John P. Mullally MD is a doctor employed at 4190 24th Avenue Fort Gratiot MI, 48059. He is being Sued in his Individual & OFFicial Capacities.

6). DeFendant John Doe, President OF several mentioned Company's Sports Rack & The Company Insurance Company at 2655 16th ST. in Port Huron MI, 48060, They Are being Sued in there Individual & OFFicial Capacities.

7). The Company Sport Rack Inc use to be once called St clair metal when Plaintiff mother First got Hired in This said Company in The Late 1960's in which This Company has changed There name recently.

8). ALL The mentioned DeFendant's Has Acted & Continue to Act Under Color OF State Law At ALL Times relevants to This said Complaint.

### Facts

9). On 12-12-01 Plaintiff mother was transported to one OF The mentioned Hospital by Ambulance to The EMERGENCY Room Do to her illness.

10). Dr. Mullally had Held Mrs Parker in The Hospital & She was immediately Placed in (ITC) by a on-duty Doctor.

11). The record will show That Plaintiff mother Had went into a Comma While Being under Dr. Mullally care & she Had remained in The Hospital under Dr. Mullally Care & The Hospital staff in which They Had Failed to promptly Treat Mrs Parker.

12). On 10-01 Plaintiff was Housed in one OF MDOC Facility up North & Plaintiff Had wrote to Dr. Mullally at His OFFice in Concern OF Asking This subject OF a Letter OF Request Stating Mrs Parker Health Condition, in which MDOC would OF

-2-

Transferred Plaintiff to a Closer Facility,

13). The record will show that on the said date of 10-01 _____ Plaintiff Had requested from Dr. Mullally asking Him would he Please send a - Letter to MDOC Warden at (URF) in Care of Plaintiff Mother,

14) Do to the fact that Doctor Mullally never responded back to Any of Plaintiff Letters! Also Plaintiff was Held housed up North, & He was-not Allowed to Transfer nor visit His Mother who was on her sick Bed but it was wrong for Dr. Mullally to not Respond back to this Plain-tiff Letter in regards of His Mother Health Condition & this matter is with-out Any Explanation of the said mentional party's!

15). On 12-24-01 at 7 pm Plaintiff Sister Had now Tried to Call to — URF Main Office twice Leaving several messages that this Plaintiff immediately Call Home. The record will show That Plaintiff never Receiv-ed the message until Later on That Night,

16). Plaintiff Sister had gotten Through to the Captain at URF who had then Informed Staff on Second Shift, who had Allowed Plaintiff to call to His Mother House were Plaintiff sister had been waiting for this Plain-tiff to call to there Mother Resident, in which at this time Plaintiff Sister Had then informed Plaintiff That there Mother Had Passed away &/or has Died, Plaintiff whole world Failed. he immediately started Crying The Call was a nerve shocking...The on duty C/O at (URF) had then asked Plaintiff is he alright, Plaintiff couldn't even talk!

17). Plaintiff now was trying to go to His Mother Funeral but he was denied by the Transfer Coor to be transferred to a Regional in which was Close & it would of been Cheaper & Plaintiff would of then had his Family pick him up so he could of Attended to his Mother Funeral!

18). Defendant C/O Staffs at (URF) Told this Plaintiff That it was no way That He Could Attend his Mother Funeral & if his Family Didn't Give The Funeral Home Some Additional money in order to Pay for there Two —

3

C/o's who had to Transport Plaintiff on there Day off...

19). Plaintiff stated That he was wrongfully denied by MDOC policy to Attend ${}$ to see to it That he was Allowed to Attend His mother funeral ${}$ plus it was wrong for Dr. Mullally Not to Immediately Respond Back to This Plaintiff who had wrote several Letters in which The mentioned Doctor Letter would of Been Used to show That Plaintiff was need to be Next to his mother!

## Denial of Due Process

20). Plaintiff Didn't even get a change to Attend his mother funeral Now it's wrong For MDOC who Doesn't have No means to Allow inmates to be transferred to a Facility closer to There to visit Them on there sick Bed, so A Inmate could be Allowed to Attend to a immediately Family member funeral Burial without being First Forced to pay for The C/o's wages.

21. Plaintiff states it was wrong For Dr. Mullally Not to even write a refer Letter once Plaintiff had gotten in Contact or wrote to This mentioned Address in This said Complaint A Letter From Dr. Mullally to (URF) Warden or to The MDOC Director would clearly made a Different.

22). Defendant Dr. Mullally is responsible For medical Care Generally ${}$ For Arranging For Specialized medical Care.

23). Defendant Dr. Grain is Also responsible For medical Care because he had failed prior to Catch The illness at it early stages, but The record clearly shows That Dr. Grain Had Just wrote Mrs Parker off ${}$ Then passed ${}$ or pushed Her Health Condition off on Dr. Mullally.

24). on The Information ${}$ belieF; Plaintiff mother wasn't promptly provided with physical Therapy by Dr. Grain ${}$ or

-4-

## Pure NEGLIGENCE

29). The medication in which Doctor Grain had given Mrs Parker was The wrong Kind & Cause her to have Blood Clots.

30. The medication in which Doctor Mullally had given mrs - Parker was The wrong Kind & Caused her to start having or going into Comma!

31). The said Company Sport Rack in which mrs Parker had retired From was once Called St Clair metal Company which was Located on 16Th St & another Building on Dove Rd, In which was ran by The same Company & President.

32). The mentioned Company has Changed There Company name to Sport Rack, now The records will clearly show That Company has Failed to now Fully provide There signed Contract in which This Company Had agreed to with mrs Parker, see For at least 25 years mrs Parker had worked For St. Clair metal & stayed with The Company when It Changed There name now Mrs Parker old Contract had applied.

33. Mrs Parker Had paid For her retirement insurance ≠ Health insurance while she was working now Mrs Parker had agreed with The mentioned Company of Her retirement plan & plus she signed This Plaintiff & His sister up For Her Beneficiary now This said Company Has Failed to Honor There Contract & hasn't release Any Funds to This Plaintiff.

34). The record will Also show That Sport Rack had even Failed to pay For Mrs Parker Funeral &/or Burial nor has This Company Furnish to Plaintiff or to The Family The Allowed Paid Insurance money That mrs Parker Had paid For over The Years That she had made & agreement upon By her paying it week on Her premium out here Check. For Her retirement plans.

Dr. Mullally in which Both Doctor's has Failed to do!

## Denial of medical care

25). While Plaintiff mother was Lodge in The Hospital under (ITC) on The Above Date 12-14-01        She was informed by Doctor Mullally who had Then informed The emergency room physician That was on duty, That mrs Parker Would be remaining in The Hospital & That she would Then be required a Course of Tests.

26). Defendant Doctor mullally is responsible For medical care generally & For Arranging For Specialized medical care, in which he has Failed to do.

27). Plaintiff mother Died because Dr. mullally wasn't promptly providing The Right medication & medical care, The same aply to Dr. Grain he had given mrs Parker The wrong medication.

## Medical malpractice

28). AT ALL Times Here to Defendant's Dr. Grain & Dr. mullally Both owed to Plaintiff mother There Duty to render & properly provide medical service in Conformity with The Accepted Standard of The American medical Bar Association (AmBA) Professional medical Practice Amnd. Rules of Professional Conduct & Canons Start With & to use & exercise reasonable SKILL, Care diligence, discretion & Judgment in There Conduct & management of mrs Parker. By The mentioned Doctor's Failing to Bring Forth The above matter & or obvious issues is clearly & was clearly shown as Competence by Defendant Dr. Grain & Dr. mullally For reasons & issues That Plaintiff Can clearly prove iF This Court would Allow him to By The show of witnesses & medical StaFF members.

CLAIMS FOR RELIEF

35) The Actions of Defendant Dr. Mullally were done maliciously & sadistically & constituted Cruel & unusual Punishment in — violation of The Eighth Amendment of The U.S. Constitution.

36) The Actions of Defendant Dr. Grain were done maliciously & sadistically & constituted cruel & unusual Punishment in violation of The Eighth Amendment of The U.S. Constitution.

37) The Actions of Defendant Dr. Mullally in which was negligent shown is clearly being brought for a constitute the tort under the Law of maliciously & sadistically & cruel & unusual punishment.

38) The Actions of Defendant Dr. Grain in which was negligent clearly constituted The tort under the Law of maliciously & sadistically & Cruel & unusual punishment.

39) The Failure of Defendants Dr. Mullally & Dr. Grain or other Action to curb the known pattern of medical malpractice & said negligent constituted Deliberate indifference, & contributed to & proximately cause The Above Described violation of The Eighth Amendment rights & the Fourteenth Amendment & negligent of wrongful Death

40) The Company & President & Insurance carrier of Sport Rack has shown several violation of These Breach of Fiduciary Duties By not Honorary there Contract in which This company & Mrs. Parker had agreed to when she signed the Contract this is clearly seen as negligent & Also constituted the tort under the Law of maliciously & sadistically of said Breach of Contract

RELIEF REQUESTED

WHEREFORE Plaintiff requests that the Court Grant the following relief;

A). Issue a Declaratory Judgment Stating That;

1). The medical malpractice & Physical Abuse of Plaintiff mother, by Defendant Doctor Grain & Dr. Mullally violated Plaintiff mother rights to be Alive under The Eighth Amendment to The U.S. Constitution, & Constituted This Action For a § 1983 Complaint;

2). Defendant Dr. Grain & Dr. mullally Has Both Failed to really take a serious Look at mrs 'Parker medical condition, they Both had Failed & by There Failure of Acting serious prior to mrs Parker Health condition is a violation of Plaintiff mother Eighth Amendment.

3). Defendant Doctor Grain & Doctor mullally Actions in Both Failing to separate provide Adequate medical care for Plaintiff mother, violated & continue to violate Plaintiff The Decease Rights under The Eighth Amendment to The U.S. Const.

4). Defendant President & The Company Insurance Carrier in which also This Company has also Failed The Breach of Contract & Gross negligences of The Decease Plaintiff mother.

5). Defendant John Doe President of Sport Rack & There Said insurance coverage has shown violation of Plaintiff mother who has worked For This Company over 25 years in which They has violated There Full Coverage Contract in which They Agreed to provide mrs Parker upon Her Retirement in which is a Fourteeth Amendment violation & A Eighth Amendment violation to The U.S. Constitution & said Constitute a 1983.

6). Defendant President & said Insurance carrier; at Sport Rack Has Failed to see That once There prior Employer such as mrs Parker Plaintiff mother Had retired & or If The decease pass Away That The proper paper work of The Agreement & Plaintiff mother made with The Company That They Agreed to Furnish The Beneficiary The Following check & said     -8-

Paper work, in This Company had Failed to do.

B) ISSUE AN INJUNCTION ORDERING

D. Defendant's Doctor Grain & Doctor Mullally & The President & said Insurance Carrier of Sport Rack To;

2) Immediately Arrange For Plaintiff to have ALL OF The Decease Plaintiff mother Medical Records & The records explaining The Cause of Death & ALL paper work be sent to This Plaintiff so he Could Please examine ALL OF Them on hand That These Doctor's have.

3) Immediately Arrange For The plaintiff to have all His Question Answered by The Form He has prepared For Sport Rack Company to provide Plaintiff with an Answer of Question in which This Plaintiff is Entitled to Because his mother worked at one of Sport Rack company on Dove Rd. Prior to Her Retiring

4) Plaintiff is requesting That ALL OF The signed paper-work & Any agreements & The Company said obligation in which The signed Forms That Mrs Parker Had made prior of Her Beneficiary Along with why This said Company has Failed to not Honor There obligation & The Agreements

C). Award Compensatory Damages in The Following Amounts;

1). 10,000,000,00 Jointly & severally Against Defendant Dr. Grain for The physical & Emotional injuries sustained as a result of Plaintiff mother who suffered & so has The Family.

2). 10,000,000,00 Jointly & severally against Defendant Dr. Mullally For The Physical & Emotional injuries sustained as a result of Plaintiff mother who suffered & so has The family.

3). 10,000,000,00 Jointly & severally against Defendant Dr. Grain For The punishment & Emotional injury resulting From His prior Denial of due Process in His Part of The Cause of Plaintiff mother Death!

-9-

4). 10,000,000.00 Jointly & severally Against Defendant Dr. mullally For The punishment & Emotional injury resulting from His prior denial of Due process in his part of The cause of plaintiff mother death.

5). 10,000,000.00 Jointly & severally Against Defendant Dr. Grain From & For his Failure to provide adequate medical care to plaintiff mother This matter deals with intention &/or reckless infliction & Emotional Distress, In This plaintiff & The Family has & is going Through

6). 10,000,000.00 Jointly & severally Against Defendant Doctor Mullally From & For his Failure to provide adequate medical care to plaintiff mother This matter deals with intention &/or reckless – infliction & Emotional Distress, In This plaintiff & The Family has & is going Through.

D). Award PunITIVE DAMages in The Following Amounts
1). 9,700,000.00 each Against Defendant Dr. Grain
2). 9,700,000.00 each against Defendant Dr. mullally
3). 9,700,000.00 each against Defendant President John Doe & The Insurance carrying company within Sports Rack

E). Grant Such other Relief As It may Appears That plaintiff Is Entitled.

S Parker Box #194889
Boyer Rd, Carson city, Corr's Fac,
P.O. Box 5000
Carson City mI. 48811-5000

5-20-04

FOR THE EASTERN DISTRICT

Samuel D. Parker Bey # 194899
      Plaintiff

                                  Case No _____
                                  Honorable Judge _____

-V-

Mercy Hospital & Staff, Port Huron
Hospital & Staff Along with Dr. Grain
Dr. Mullally, President John Doe &
Insurance Company within Sport Rock
Inc.. old name St Clair metal

      Sued In Their Individual Capacities,
& Official Capacities
              Defendant's

                         Jury TRIAL Demanded

## Summons

To Defendant Pete Grain (MD) Doctor at 2603, Electric Ave Suite 4, Port Huron MI, 48060.

You are Hereby Summoned & required to serve upon Plaintiff Samuel D. Parker Bey #194899, whose Address is at Boyer Rd, Carson City "Corr's Fac" P.O. Box 5000 Carson City MI 48811-5000 An Answer to The complaint which is herewith served upon you within 20 days After Service of This Summons upon you exclusive of The day of Service. If you Fail to do so, Judgment by default will be taken against You For The relief Demanded in The Complaint

                                  Clerk of Court
                         [Seal of The U.S. District Court]
                         Dated _____

Dated _____

(This Summons is issued pursuant to Rule 4 of The Federal Rules of Civil Procedure)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT

Samuel D Parker Bey #194859
        Plaintiff

                                                    Case No._____
                                                    Honorable Judge_____

        —v—

Mercy Hospital & Staff ; Port Huron                    Jury Trial Demanded
Hospital & Staff Along with Dr. Grain
Dr. Mullally ; President John Doe &
Insurance Company within Sport Rack
Inc.... Old name St Clair Metal
        Sued In Their Individual Capacities
& Official Capacities
            Defendant's

                        Summons

        To Defendant John P. Mullally (MD) Doctor at 4190 24th Ave
Fort Gratiot MI, 48059
        You are Hereby Summoned & required to serve upon Plaintiff Samuel D.
Parker Bey #194859" whose address is at Boyer Rd, Carson City "Corr's Fac" Po Box
5000 Carson City MI. 48611-5000 An Answer to the Complaint which is Here with
served upon you within 20 days After Service of this Summons upon you exclusive
of the day of service, If you Fail to do so, Judgment by default will be taken
against You for the relief Demanded in the Complaint

                                            _____
                                            Clerk of Court
                                            [Seal of the U.S. District Court]

Dated_____                            Dated_____

        (This Summons is issued pursuant to Rule 4 of the Federal Rules of Civil
Procedure)

FOR THE EASTERN DISTRICT

Samuel D. Parker Bey
      Plaintiff

Case No. _____
Honorable Judge _____

-v-

Mercy Hospital & Staff; Port Huron
Hospital & Staff, Along with Dr. Grain
Dr. Mullally, President John Doe &
Insurance Company Within Sport Rack
Inc.... Old Name St. Clair Metal
     Sued In Their Individual Capacities
& Official Capacities
              Defendant's

Jury Trial Demanded

Form - A

NOTICE OF LAWSUIT & REQUEST FOR
WAIVER OF SERVICE OF SUMMONS

TO. Doctor & Staff of Mercy Hospital or on 10th an Electric Port Huron
MI. 48060

    A Lawsuit has been Commenced Against you or The Entity Mercy Hospital
& Staff A Copy of The Complaint is Attached to This notice. It is Also Enclosed,
That You must Submit These Form back to Plaintiff.

    It has been Filed in The US District Court For The Eastern District & Has
been Assigned Docket No. _____ This isn't a Formal Summons or —
notification From The Court, but rather my request That you Sign & Return The en-
closed Waiver of Service in order to Save The Cost of Servicing you with a Judicial
Summons & An Additional Copy of The Complaint

    The Cost of Service will be Avoided if I receive a signed Copy of The Waiver
within ( ) days After The Date designated below As The date on which This
notice & Request is Sent. Do to The Fact That Plaintiff Cann't Aford The Stamps
Address Envelope to Send you. I don't have no means of Cost For Free Return.

IF you comply with this request + return the signed waiver, it will be filed with the court + no summons will be served on you the action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before (60) days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address isn't in any judicial district of the U.S. Eastern District),

IF you don't return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rule of Civil Procedure + will then, to the extent authorized by these Rules, ask the court to require you (or the party on whose behalf Port Huron Hospital + Staff) to pay the full costs of such service.

In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on this pg's (or at the foot) of the waiver form

I affirm that this request is being sent to you on behalf of the Plaintiff This _____ day of _____.

Signature of Plaintiff acting as his own attorney in Pro Se

_____ Samuel D. Parker Bey #174089 Carson City Facility 10522 Boyer Carson City
MI, 48811

A). Name of Individual defendant (or name of corporate defendant).

_____

_____

B). Title, or other relationship of individual to Corporate defendant,

_____

_____

C). Name of corporate defendants if any _____

_____

_____

D). Name of Doctor of Mercy Hospital _____

_____

E). Name of ~~neue~~ Assistant Doctor_____

_____

Burrowart

WAIVER OF SERVICE OF SUMMONS  Form-B

TO Doctor & Staff of Mercy Hospital on 10th St an Electric Port Huron
MI 48060

I acknowledge receipt of your request That I waive Service of
a Summons in The Action of Doctor_____ & Staff_____
which is Case No. (               ) in The U.S. District Court For The
Eastern District. I have also received a Copy of The Complaint in The Action,
two Copies of This instrument, & a means by which I can return The Signed
Waiver to you without Cost to me. I agree to save The Cost of Service of a
Summons & An Additional Copy of The Complaint in This Lawsuit by not-
requiring That I (or The entity) be served with Judicial process in The —
manner provided by Rule 4. I (or The entity) will retain All defenses or-
Objections based on a defect in The Summons or in The Service of The —
Summons. I understand That a Judgment may be entered against me
(or The party on whose behalf I am Acting) if an Answer or motion under
Rule 12 is not Served upon you within (60) days After_____ (Date-
request was Sent) or within 90 days After That date if The request was Sent
outside The U.S.

_____
Signature

Date:_____        _____
                             Printed/ TYPE Name

                             [As _____ ]

                             [of _____ ]

To be printed on reverse side of The waiver Form or set Forth
at The Foot of The Form."

Duty to Avoid unnecessary costs of Service of Summons,

Rule 4 of The Federal Rules of Civil Procedure requires certain parties
to cooperate in saving unnecessary costs of Service of The Summons &
complaint. a defendant located in the U.S, who After being notified of an
Action & asked by plaintiff located in the US to waive service of a
Summons, Fails to do so will be required to bear The cost of such —
Service unless good cause be shown For its Failure to sign & return The
waiver. It is not good cause For a failure to waive service That a party believes
That The complaint is unfounded, or That The Action has been brought in an improper
place or in a court That lacks Jurisdiction over The subject matter of The Action
or over its person or property a party who waives service of The Summons retains
all defenses & objection (except any relating to The Summons or The service of
The Summons), & may Later object to The jurisdiction of The court or to The
place where The Action has been brought.

A defendant who waives Service must within The time specified on The
waiver form serve on The plaintiff Attorney (or unrepresented plaintiff) a
response to The complaint & must also File a signed copy of The response with
The court, If The Answer or motion isn't served within This time, a default —
Judgment may be taken against That defendant. By waiving service a defendant
is Allowed more time to Answer Than if The Summons had been Actually —
served when The request for waiver of service was received

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT

SAMUEL D. Parker Bey #194889

PLaintiff

-V-

Mercy Hospital ; Staff ; Port Huron

Hospital ; Staff, Along with Dr. Grain

Dr. Mullally, President John Doe ;

Insurance Company Within Sport Rack

Inc. Old Name St, CLair Metal

Sued In Their Individual Capacities

; Official Capacities

DeFendant's

Case No. _____

Nonorable Judge _____

Jury Trial Demanded

FORm - N

( NOTICE OF LAWSUIT ; REQUEST FOR
  WAIVER OF SERVICE OF SUMMONS )

TO. Doctor ; STUFF of Port Huron Hospital on Stone St ; Washington between pine

Grove ST

A LawsuiT has been Commenced Against You or The entity PorT Huron

Hospital ; Staff. A Copy oF The ComplainT is ATTached to This Notice, IT is ALSO

enClosed, That You must SubmiT These Form back to PLaintiff. ..

It has been Filed in The U.S. DistricT CourT For The Eastern DisTrict ; has

been Assigned DockeT No. _____ This isn't a FormaL Summons or NoTiFi-

Cation From The CourT, but rather my requesT That you Sign ; return The enClosed

waiver oF Service in order to Save The CosT oF Servicing you with a JudiciaL

Summons ; An Additional Copy oF The ComplainT. The CosT oF Service will be

avoided if I receive a Signed Copy oF The waiver within ( ) days AFTer

The date designaTed below as The date on Which This Notice ; RequesT is SenT,

Do To The FacT That PLaintiff Cann'T Afford The Stamps Address Envelope to

Send you .. I don't have No oTher means oF CosT For Free Return,

IF You Comply With This request & return The signed waiver, iT will be filed With The CourT & no Summons will be served on you The ActHon will Then proceed as if you had been served on The date The Waiver is Filed ; excepT That you willN'T be obligated To Answer The Complaint beFore (60) days From The date designated BeLow as The date on which This notice is senT (or before 90 days From That date if your Address isn't in Any Judicial DistricT OF THE US. EasTern DistricT).

IF You don't return The signed waiver within The time indicated, I will Take appropriate steps to effect Formal service in a manner Authorized by The Federal Rule OF civil Procedure & will Then, to The extent Authorized by Those Rules, Ask The CourT to require you (or The party on whose behalF Mercy Hospital & StaFF) to pay The Full Costs OF Such service.

In That connvectHons, Please read The StatemenT concerning The duty OF Parties to waive The service OF The Summons, which is set Forth on This Pg (or aT The Fut) OF The Waiver Form.

I affirm ThaT This request is being SenT to you on BehalF OF The PlaintiFF This 5 month day OF 28-2004.

Signature OF PlaintiFF Acting as his own ATTorney in Pro Se
Samuel D. Parks Bey #194089 Carson City Facility 10522 Boyer Carson City mi. 48811

A). Name OF Individual deFendant (or Name OF Corporate defendanT).
_____

B). Title, or oTher relaHonship OF individual to Corporate defendant.
_____

C). Name oF Corporate deFendanTs if Any_____
_____

D). Name oF Doctor OF PorT Huron Hospital _____

E). Name oF AssistanT Doctor._____
_____

WAIVER OF SERVICE OF SUMMONS   Form-B

TO Doctor & Staff of Port Huron Hospital on Stone st & Washington   between Pine Grove st.

    I acknowledge receipt of your request That I waive service of a summons in The Action of Doctor_____ & staff_____ which is case no. (_____) in The US District court For The Eastern District. I have also received a copy of The Complaint in The Action, Two copies of This instrument, & a means by which I can return The signed Waiver to you without cost to me. I agree to save The Cost of service of a Summons & an Additional copy of The Complaint in This Lawsuit by not — requiring That I (or The entity) be served with Judicial process in The manner provided by Rule 4. I (or The entity) will retain ALL defenses or Objections based on a defect in The summons or in The service of The summons. I understand That a Judgment may be entered against me (or The party on whose behalf I am acting) If an Answer or motion under Rule 12 is not served upon you within (60) days After 5-20-04_____ (Date — request was sent) or within 90 days After That date if The request was sent outside The US.

Date._____

Signature_____

Printed / TYPE name_____

[as_____]

[of_____]

To be printed on reverse side of the waiver form or set forth at the foot of the form:

Duty to Avoid unnecessary Costs of service of Summons

Rule 4 of the Federal Rules of civil Procedure requires Certain parties to Cooperate in saving unnecessary costs of service of the summons & complaint.

A defendant located in the US, who after being notified of an action & asked by a plaintiff located in the US to waive service of a Summons Fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign & return the waiver. It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property: A party who waives service of the summons retains all defenses & objection (except any relating to the Summons or the service of the summons), & may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff Attorney (or unrepresented plaintiff) a response to the complaint & must also file a signed copy of the response with the court. If the Answer or motion isn't served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to Answer than if the summons had been actually served when the request for waiver of service was received.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT

Samuel D. Parker Bey
    PLAINTIFF

Case No._____
Honorable Judge_____

—v—

Mercy Hospital & Staff, Port Huron
Hospital & Staff; ALong with Dr. Grain
Dr. Mullally, President John Doe &
Insurance Company within Sport Rack
Inc... Old Name St. Clair Metal
    Sued In Their Individual Capacities
& Official Capacities
        DefendanT's

Jury Trial Demanded

Form- A-
NOTICE OF LAWSUIT & REQUEST FOR
WAIVER OF SERVICE OF SUMMONS

TO: President OF SPORT RACK at 2655 16th ST OF Port Huron Mi. 48060
M/s Betty Parker Had Worked at The PLANT ON Dove Rd. The old St. Clair metal Now Named Sport Rack.
    A LAWSUIT has been commenced against You or The entity SPORT RACK Inc, or & The
Old St. Clair metal., A Copy OF The Complaint is Attached to This notice. It is also enclosed,
Income & Employment Include Benefit's & Retirement Plans & The Insurance Carrier.
It has been Filed in The U.S. District Court For The EasTern District & has been Assigned
docket no._____ This isn't A Formal Summons or notification From The Court,
but rather my request That you sign & return The enclosed waiver OF Service in order
to save The Cost OF serving you with a judicial summons & An Additional Copy OF
The Complaint:
    The Cost of service will be avoided if I receive a Signed Copy Of The waiver
within (20) days after The date designated below as The date on which This notice
& Request is sent: Do to The Fact That PLAINTIFF Cannit Afford The Stamps Address
Envelope to send you... I don't Have no other means OF Cost For Free Return.

I'm Requesting That your Company would Supply The Cost of Sending to me The material That I've Requested An Extra Copy of The waiver is Also Attached For your Records.

IF you comply with This request & return The signed waiver it will be Filed with The Court & No Summons will be served on you. The Action will Then proceed as if you had been served on The date The waiver is Filed; excepT That you will noT be obigated To Answer The ComplaiNT before 60 days From The date designated beLow as The date on which This Notice is sent (or before 90 days from That date if your address isn't in Any Judicial DistricT of The U.S. EasTern DistricT).

IF You don't return The signed waiver within The time indicated, I will take appropriate Steps to effect Formal Service in A manner Authorized by The Federal Rule of Civil Procedure & will Then, to The extent Authorized by Those Rules, Ask the-CourT to require you (or The party on whose behalf of SporT Ruck Inc & The Old St. Clair Metal Inc). To pay The FulL Costs of Such Service.

In ThaT Connections, please read The Statement concerning The duty of Parties to waive The service of The Summons, which is set Forth on This pg. (or aT The FooT) of The Waiver Form.

I affirm ThaT This request is being sent To you on Behalf Of The PlainTiFF This ___5 month___ day of ~~EARCH~~, 21-04

Signature of PlainTiFF Acting as his own ATTorney in Pro Se
Samuel D Parker Bey #194884 Carson City Facility 10522 Boyer Carson city mI 48811

A). Name of Individual defendant ( or Name of Corporate defendanT).

_____

B). Title, or other relaTionship of individual to corporate defendanT.

_____

C). Name of Corporate defendanTs if Any_____

_____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT

SAMUEL D. Parker Bey #194889
        Plaintiff

                                        Case No. _____

    -V-

                                        Honorable Judge _____

PRESIDENT JOHN DOE, INSURANCE
COMPANY WITHIN SPORT RACK
  Sued In Their Individual Capacities
; OFFiCiAL Capacities
            DEFendanTs


        INCOME & EMPLOYMENT INCLUDE
          BENEFITS & RETIREMENT PLANS
        AND THE INSURANCE CArrier


    TO Defendant President John Doe _____ John Doe; You are
Hereby aLong with A Summoned & required to serve upon Plaintiff
SAmuel D. Parker Bey 194889 . Whose Address i's Currently AT Carson
City Facility 10522 Boyer Carson CiTy MI 48811

    First Your Whole name & An Answer to The Complaint which is
Here with Served upon you within 20 days AFTer service OF This
Summons upon You, exclusive OF The day OF Service.

    IF you Fail to do so, Judgment by deFault will be taken against
you For The relieF Demanded in my Complaint.

    & In my motion to CompeL Discovery Rule 34(b) & 37(a) Fed. R. Civ. P.
I'm Entitled to or For Inspection I Copy's OF The Documents Requested.
This matter Deals with Income & Employment include Benefits

& Retirement Plans & The insurance Carrier :
   Issue (1).

   The Type OF Work Performed, Position held & nature OF work for business in which mrs BeTTY Parker, & Her pass mailing Address was at 2514 Manuel ST Port Huron MI. Before she had decease, mrs Parker was Employed before Retiring From The Old St. Clair metal on Dove Rd now & New Name Sport Rack.

   PlaintiFF States to his understanding Mrs Parker Had Held a press — operator Job in which she engaged.

   (2). Amout OF Time mrs Parker Had been EmpLoyed in This mentioned Company.

   PlaintiFF States to his understanding mrs Parker had been within The mentioned company For over 25 years before she had Retired & before she took on Her ILLness!

(was) ? A). mrs Parker was paid Hourly

   b). mrs Parker pay rate OF pay or earning setting Forth specifically her gross & net Average weekly salary wages, overtime pay, bonuses & Gratuities ?

   " Would You Please, provide me with ALL This said mentioned information ! "

   3). I'm The PlainTiff Samuel D. Parker Sex #194889 The OLDest Son OF Decease mrs BeTTY J. Parker. I'm Requesting From you Please what BenefITs Your Company Had provided For mrs BeTTY J. Parker & to Her Family?

   Inclusive but not Limited to ALL OF The Following;

   Included is a Brief Description OF The BenefiT & Did mrs Parker Name Her OLDest Son Samuel f or Her Daughter Wanda & or Her      -i-

Ex-HusBand mr. willie Dave Parker

PLaintiff is seeking to Know who did mrs Betty J Parker name For Her BeneFiciary? oF The particular Benefitj

(A) HeaLth Insurance pLan

b), LiFe Insurance

c) Pension Profit Sharing or RetiremenT income program?

d), expense j/or Drawing AccounTs?

e) DisabiLity insurance Coverage

F) stock purchase options

G). Indicate whether Your Company are required to pay For ALL or Any ParT OF The BeneFits Listed in This Interrogatory j The AmounT oF Those payment j or ConTribuTions,


Issue *2*

Insurance LisT each LiFe insurance poLicy, ANNuity poLicy, disability poLicy or oTher Forms OF insurance noT disclosed in a pre-vious interrogatory, stating for each,

a). The Name j Address OF The issurance Company

b). The policy number

c). The Type OF policy

d). The Name j Address OF The present owner OF The policy

e). The name j Address OF The present beneficiary oF The policy

F), If There has been a change oF beneficiary in The Last Five (5) years, give The date of each change j The name j Address of The Former beneficiary,

g), The date The policy was issued

H). The face AmounT OF The policy.

i). The ANNual premium j The name j Address oF The person paying The premium Currently j For The past Five (5) Years:

-2-

J). The case surrender value of said policy

K). If any loans have been taken out against the policy, the date of each such loan, the person making such loan, the amount of the loan & the purpose for which the proceeds were utilized.)

L). If said policy has been assigned, the date of the assignment, the name & address of each assignee.)

M). The present custodian of the policy;

N). If any policy is supplied by an employer whether it is a condition of employment & under what conditions it terminates.

State whether you have surrendered, transferred, or in any way terminated any form of insurance policy for the last five(5) years If so, state;

a). The name & address of the insurance company

b). The number of the policy;

c). The type of policy;

d). The name & address of the last &/or current owner of the policy:

e). The name & address of the last &/or present beneficiary of the policy;

f). The face amount of the policy

g). The cash surrender value of the policy at present or just prior to it being surrender, transferred, or terminated;

h). The person transferring surrender, or terminated said policy;

i). If any cash was realized from the said transfer, termination, or surrender, the amount realized & for what purposes the proceeds were used.

Issue #3#

Did your company share dividing a pension — many workers are covered by private pension plans at work

-3-

2). Employers Sponsored plans may be Financed entirely by The employer or by The employer with employee Contributions.

3). There are two main kinds of pension plans, The defined benefit & The defined-Contribution plan.

A). Defined-Benefit Plan -The Amount of The benefit is fixed, but not The amount of Contribution.

Such plans usually gear The benefits to years of services & earnings (eg., a benefit of $10. a Month for each year of employment) or a stated dollar Amount.

Whatever The Formula, The benefit is spelled out in The plan.

b). Defined Contribution Plan, In this kind of plan each employee has his or her own individual Account.

The Amount of Contribution is generally fixed, but The Amount of The benefit isn't. These plans usually involve profit-sharing, stock-bonus, or money-purchase arrangements where The employer's Contribution, usually a percentage of profits is divided among The participants based on The individual's wages &/or years of services & Accumulation in The individual's pension Account.

The eventual benefit is determined by The Amount of total Contributions & investment earnings in The years during which The employee is Covered.

Accumulated benefits in These plans are not vested until The employee has a non-forfeitable right to receive The benefits whether or not The employee Leaves The Job before retirement.

Samuel Parker Bey #194889

-4-

under The Employee Retirement Income Security Act of (1974)("ERISA")
29 U.S.C. § 1132 (a)(1)(B), seeking reinstatement of Alleged "vested," or non-
Forfeitable, retiree medical benefits that were reduced or eliminated by —
AKA, St. Clair Metal & / or Sport Rack Company & payment of their out-of-pocket
expenses for benefits withheld Since Mrs Parker retirement, Since 1957 or there after.

ALTernatively, PLaintiffs in This case Here at hand Claim That if Mrs Parker
were Not entitled to These benefits under The terms of Their retiree benefits
plan, AKA St. Clair Metal & / or Sport Rack Inc Breached its Fiduciary duty
to provide Them & or to Plaintiff with Truthful, Accurate information about
The plan, in violation of ERISA, 29 USC § 1132 (a)(3). Plaintiff Further
Claim That defendant i's ESTOPPED From denying benefits based on its past
representations to Mrs Parker, Plaintiff mother & This is what she had relied
upon on her Ex-Employers promises.

Although an employer's medical benefits plan ordinarily can be Changed
during The course of retirement, a promise of nonforfeitable or vested benefits
made Through use of Language guaranteeing That medical benefits will be
provided unchanged by The Company For The Lifetime of a retiree is enforce-
able. Because a benefits plan Cannot be AMENDED Through informal Communi-
cations, & Amendments to The plan will be Considered binding only where
made at The Same Level of Formality as The plan itself.

However, The Obligations imposed by The Fiduciary relationship between The em-
ployer & The beneficiaries prohibits The employer From making material misrepresenta-
tions to beneficiaries about The Terms of Their benefits plans.

Therefore, while informal Communications Cannot ALTer The Terms of a Formal
ERISA plan where a person acting in a Fiduciary Capacity Conveys misleading or
inaccurate material Information to The plan beneficiaries, That Conduct may give rise to
Liability under ERISA.

In This Plaintiff Case involves The INTersection of These Two Fundamental prin-
ciples of ERISA Law. It is undisputed here That Plaintiff mother were consistent-
ly told by old St. Clair Metal who has a new Changed name of Sport Rack a period
of Thirty Years 'Mrs Parker' had she was told That she would have medical
benefits From "Womb to Tomb," & That Their or Her benefits would be The
Same in retirement as during employment.

Plaintiff States That Sport Rack, Will show undisputed evidence to This Court which will clearly shows that when These promise were made by St. Clair metal & later changed to Sport Rack who had every intention of continuing to offer retiree medical benefits consistent with past practice until Plaintiff mother retired, when Faced with rising costs of medical insurance & increasing economic problems, Sport Rack conditioned continuation of retiree medical insurance on retiree contribution to premiums & increased deductibles, & eliminated the prescription drug plan & The subsidy for medicare Part B premiums. Plaintiff mother who was forced after 25 years with St. Clair metal & changed to Sport Rack, to now go on (ADC) after working for These mentioned company.

Plaintiff First issue is whether Sport Rack legally obligated itself to providing These benefits for The duration of the retirees & their spouses life times, or whether it retained discretion to change or terminate The benefits plans.

Answering this question requires The Court to determine which documents constitute The relevant benefit plans, & whether The benefit plans contain language promising Lifetime, non-forfeitable benefits.

Plaintiff's breach of Fiduciary duty & estoppel claims, in turn require analysis of the promises or representations made by St. Clair metal & or Sport Rack to Plaintiff mother The retirees & whether Mrs Parker reasonably relied on those promises to their detriment.

The Above Argument is apart of The Brief will Be Filed Later, The mention Situation is to show cause That Mrs Parker Due Process Rights & her procedure Rights has also Been Violated, along with Her Eighth Amendment Rights.

Samuel Parker Bey #154889

Date 5-20-04

-6-

# CIVIL COVER SHEET FOR PRISONER CASES   ORIGINAL
## TO BE FILED IN DUPLICATE WITH EVERY NEW CIVIL ACTION

04- 72160
ROBERT H. CLELAND

| Name of 1st Listed Plaintiff | Name of 1st Listed Defendant |
|---|---|
| Samuel D. Parker Bey | Mercy Hospital and Staff, et al |
| Inmate Number: 194889 | |
| | Defendant's County of Residence (If Located in Michigan) |

JUDGE SCHEER
MAGISTRATE

**FACILITIES, LISTED ALPHA BY CITY:**

☐ PARR HIGHWAY CORRECTIONAL
FACILITY
2727 E. BEECHER STREET
ADRIAN, MI 49221

☐ GUS HARRISON CORRECTIONAL FACILITY
P2727 E. BEECHER STREET
ADRIAN, MI 49221
LENAWEE COUNTY CODE: 26091

☐ BARAGA MAXIMUM CORRECTIONAL
FACILITY
301 WADAGA ROAD
BARAGA, MI 49908
BARAGA COUNTY CODE: 26013

☐ BOYER ROAD CORRECTIONAL FACILITY
10274 BOYER ROAD
CARSON CITY, MI 48811
MONTCALM COUNTY CODE: 26117

☐ FLORENCE CRANE CORRECTIONAL
FACILITY
P.O. BOX 307, 38 FOURTH STREET
COLDWATER, MI 49036

☐ LAKELAND CORRECTIONAL FACILITY
141 FIRST STREET
COLDWATER, MI 49036
BRANCH COUNTY CODE: 26023

☐ MOUND CORRECTIONAL FACILITY
17601 MOUND ROAD
DETROIT, MI 48212

☐ RYAN CORRECTIONAL FACILITY
17600 RYAN ROAD
DETROIT, MI 48212

☐ WAYNE COUNTY JAIL
570 CLINTON STREET
DETROIT, MI 48226
WAYNE COUNTY CODE: 26163

☐ OAKS CORRECTIONAL FACILITY
P.O. BOX 38, 1500 CABERFAE HWY.
EASTLAKE, MI 49626-0038
MANISTEE COUNTY CODE: 26101

☐ GENESSE COUNTY JAIL
1002 S. SAGINAW
FLINT, MI 48502
GENESSE COUNTY CODE: 25049

☐ SAGINAW CORRECTIONAL FACILITY
9625 PIERCE ROAD
FREELAND, MI 48623
SAGINAW COUNTY CODE: 26145

☐ WILLIAM DICKERSON FACILITY
3501 HAMTRAMCK DRIVE
HAMTRAMCK, MI 48211
WAYNE COUNTY CODE: 26163

☐ BELLAMY CREEK CORRECTIONAL
FACILITY
1727 W. BLUEWATER HIGHWAY
IONIA, MI 48846

☐ IONIA MAXIMUM FACILITY
1576 W. BLUEWATER HIGHWAY
IONIA, MI 48846

☐ DEERFIELD CORRECTIONAL FACILITY
1755 HARWOOD ROAD
IONIA, MI 48846

☐ RIVERSIDE CORRECTIONAL FACILITY
777 W. RIVERSIDE DRIVE
IONIA, MI 48846

☐ HANDLON MICHIGAN TRAINING UNIT
1728 BLUEWATER HIGHWAY
P.O. BOX 492
IONIA, MI 48846
IONIA COUNTY CODE: 26067

☐ COOPER STREET CORRECTIONAL
FACILITY
3100 COOPER STREET
JACKSON, MI 49201

☐ G. ROBERT COTTON CORRECTIONAL
FACILITY
3510 N. ELM ROAD
JACKSON, MI 49201

☐ CHARLES EGELER RECEPTION AND
GUIDANCE CENTER
3855 COOPER STREET
JACKSON, MI 49201

☐ PARNALL CORRECTIONAL FACILITY
1780 E. PARNALL
JACKSON, MI 49201

☐ SOUTHERN MICHIGAN CORRECTIONAL
4010 COOPER STREET
JACKSON, MI 49201
JACKSON COUNTY CODE: 26075

☐ CHIPPEWA CORRECTIONAL FACILITY
4387 W. M-80
KINCHELOE, MI 49784

☐ HIAWATHA CORRECTIONAL FACILITY
4533 MARSHALL ROAD
KINCHELOE, MI 49786-0001

☐ STRAITS CORRECTIONAL FACILITY
4269 W. M-80
KINCHELOE, MI 49784-0001

☐ KINROSS CORRECTIONAL FACILITY
16770 S. WATERTOWER DRIVE
KINCHELOE, MI 49788
CHIPPEWA COUNTY CODE: 26033

☐ MARQUETTE BRANCH PRISON
1960 S. US-41
MARQUETTE, MI 49855
MARQUETTE COUNTY CODE: 26103

☐ THUMB CORRECTIONAL FACILITY
3225 JOHN CONLEY DRIVE
LAPEER, MI 48446
LAPEER COUNTY CODE: 26087

☐ FEDERAL CORRECTIONAL INSTUTION -
MILAN
P.O. BOX 1000
MILAN, MI 48160-1090
WASHTENAW COUNTY CODE: 26161

☐ MACOMB COUNTY JAIL
P.O. BOX 2308
MOUNT CLEMONS, MI 48043
MACOMB COUNTY CODE: 26099

☐ MUSKEGON CORRECTIONAL FACILITY
2400 SHERIDAN DRIVE
MUSKEGON, MI 49442

☐ EARNEST C. BROOKS CORRECTIONAL
FACILITY
2500 S. SHERIDAN DRIVE
MUSKEGON HEIGHTS, MI 48444
MUSKEGON COUNTY CODE: 26121

☐ ALGER MAXIMUM FACILITY
P.O. BOX 600
INDUSTRIAL PARK DRIVE
MUNISING, MI 49862
ALGER CONTY CODE: 26003

☐ MACOMB CORRECTIONAL FACILITY
34625 26 MILE ROAD, P.O. BOX 48099
NEW HAVEN, MI 48048
MACOMB COUNTY CODE: 26099

☐ NEWBERRY CORRECTIONAL FACILIT
3001 NEWBERRY AVENUE
NEWBERRY, MI 49868
LUCE COUNTY CODE: 26095

☐ SCOTT CORRECTIONAL FACILITY
47500 FIVE MILE ROAD
PLYMOUTH, MI 48170

☐ WESTERN WAYNE CORRECTIONAL
FACILITY
48401 FIVE MILE ROAD
PLYMOUTH, MI 48170
WAYNE COUNTY CODE: 26163

☐ OAKLAND COUNTY JAIL
P.O. BOX 436017
PONTIAC, MI 48343
OAKLAND COUNTY CODE: 26125

☐ MID-MICHIGAN CORRECTIONAL FACI
8201 N. CROSWELL ROAD
ST. LOUIS, MI 48660

☐ PINE RIVER CORRECTIONAL FACILIT
320 N. HUBBARD
ST. LOUIS, MI 48880

☐ ST. LOUIS CORRECTIONAL FACILITY
8585 N. CROSWELL ROAD
ST. LOUIS, MI 48880
GRATIOT COUNTY CODE: 26057

☐ STANDISH MAXIMUM CORRECTIONA
FACILITY
4713 W. M-61
STANDISH, MI 48658
ARENAC COUNTY CODE: 26011

☐ HURON VALLEY CENTER
3511 BEMIS ROAD
YPSILANTI, MI 48197

☐ HURON VALLEY MEN'S FACILITY
3201 BEMIS ROAD
YPSILANTI, MI 48197
WASHTENAW COUNTY CODE: 26161

---

**OFFICE USE ONLY**

**PLAINTIFF ADDRESS: (IF NOT ABOVE)**

☒ Carson City Correctional Facility
10522 Boyer Road
Carson City, MI 48811

**BASIS OF JURISDICTION**

☐ 2   U.S. Government Defendant

☒ 3   Federal Question (U.S.
Government Not a Party

☐ 4   Diversity

**NATURE OF SUIT**

☐ 510   Motions to Vacate Sentence
☐ 530   Habeas Corpus
☐ 535   Habeas/Death Penalty
☐ 540   Mandamus
☒ 550   Civil Rights
☐ 555   Prison Condition
☐ 800   Other

**PLAINTIFF'S COUNTY OF RESIDENCE:**

Montcalm

**ORIGIN**

☒ 1   Original Proceeding
☐ 2   Removed From State Court
☐ 5   Transferred from another
District

**JURY DEMAND**

Check YES only if demanded in
complaint

☐ No
☒ Yes

**FEE STATUS**

☒ IFP   In Forma Pauperis
☐ WAI   Waived
☐ PD   Fee Paid

**CASE OPENING**

☒ OPEN AS FP
☐ OPEN AS CV
☐ OPEN AS X
☐ CHANGE X TO CV
☐ NO CREDIT REASSIGN TO

INT-0138-MIE Rev.